**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, | Case No.: |
| Plaintiffs, v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Donald Wiger, Cynthia Wiger, John Robert Jones, and Christopher Dunn as Trustee for the Next-of-Kin of Bridget O'Keefe Dunn, deceased, | |
| Defendants. | |

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm"), for their Declaratory Judgment Complaint against Defendants Donald Wiger, Cynthia Wiger, John Robert Jones, and Christopher Dunn as Trustee for the Next-of-Kin of Bridget O'Keefe Dunn, deceased, allege as follows:

1. This Complaint seeks a declaratory judgment under 28 U.S.C § 2201 and Fed. R. Civ. P. 57 to determine and resolve questions of actual controversy involving motor vehicle insurance and a personal liability umbrella policy State Farm issued to Defendant Donald Wiger.

2. State Farm seeks declarations that it has no obligation to defend or indemnify Defendants Donald Wiger, Cynthia Wiger, and/or John Robert Jones under the State Farm

1

automobile policy issued to Defendant Donald Wiger against the underlying allegations against them in the underlying lawsuit.

3. State Farm seeks declarations that it has no obligation to defend or indemnify Defendants Donald Wiger, Cynthia Wiger, and/or John Robert Jones under the State Farm personal liability umbrella policy issued to Defendant Donald Wiger against the underlying allegations against them in the underlying lawsuit.

## PARTIES, JURISDICTION, AND VENUE

4. State Farm is an insurance company that is incorporated and maintains its principal place of business in Illinois. At all times material, State Farm was licensed to transact business and issue insurance, including motor vehicle insurance and personal liability umbrella insurance, in Minnesota.

5. At all relevant times, Defendant Donald Wiger was and is a resident and citizen of the State of Minnesota. Defendant Donald Wiger is an interested party to the extent he has asserted rights under State Farm Policy Nos. 4580128-D30-23 and 23-BF-E019-0.

6. At all relevant times, Defendant Cynthia Wiger was and is a resident and citizen of the State of Minnesota. Defendant Cynthia Wiger is an interested party to the extent she has asserted rights under State Farm Policy Nos. 4580128-D30-23 and 23-BF-E019-0.

7. At all relevant times, Defendant John Robert Jones was and is a resident and citizen of the State of Minnesota. Defendant John Robert Jones is an interested party to

the extent he has asserted rights under State Farm Policy Nos. 4580128-D30-23 and 23-BF-E019-0.

8. At all relevant times, Defendant Christopher Dunn as Trustee for the Next-of-Kin of Bridget O'Keefe Dunn, deceased ("The Trustee"), was and is a resident and citizen of the State of Minnesota. The Trustee has been named as a defendant in this action because of his interest in the currently pending underlying action, styled as "Christopher Dunn as Trustee for the Next-of-Kin of Bridget O'Keefe Dunn, deceased v. Donald Wiger, Cynthia Wiger, John Robert Jones," State of Minnesota, Hennepin County, Court File No. 27-CV-22-7087 (the "Underlying Action").

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is diversity of citizenship among the parties, and the matter in controversy, exclusive of interest, attorneys' fees and costs, exceeds Seventy-Five Thousand Dollars ($75,000).

10. The Court further has jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., because there is a present controversy regarding the parties' rights and obligations with respect to the application of insurance policies issued to Defendant Donald Wiger.

11. Venue is proper in this District under 28 U.S.C. § 1391 because the insurance policies at issue were written and issued in Minnesota. Defendants are residents of Minnesota and all the allegations in the Underlying Action concern conduct that occurred in Minnesota.

## THE UNDERLYING ACTION

12. On or about March 1, 2022, The Trustee commenced the Underlying Action. A true and correct copy of the complaint in the Underlying Action (the "Underlying Complaint") is attached and marked as Exhibit A.

13. After being served with the Underlying Complaint, State Farm retained defense counsel to defend Donald Wiger, Cynthia Wiger, and John Robert Jones against The Trustee's allegations in the Underlying Action, subject to a Reservation of Rights letter, relative to the Automobile Policy. State Farm issued the Automobile Policy Reservation of Rights Letters to Donald Wiger on April 21, 2022, and to Cynthia Wiger and John Robert Jones on June 3, 2022. True and correct copies of the Automobile Policy Reservation of Rights Letters are attached as Exhibits B, C, and D.

14. State Farm issued Reservation of Rights Letters relative to the Umbrella Policy to Donald Wiger, Cynthia Wiger, and John Robert Jones on September 14, 2022. True and correct copies of the Umbrella Policy Reservation of Rights Letters are attached as Exhibits E, F, and G.

15. The Underlying Complaint, in relevant part, generally alleges as follows:

   i. On October 25, 2021, Defendant John Robert Jones was driving a Chrysler 300 motor vehicle, VIN 2C3CCAGG1HH591805, when he struck Bridget O'Keefe. Ms. O'Keefe died as a result of her injuries.

   ii. John Robert Jones negligently operated the Chrysler 300, which resulted in the death of Bridget O'Keefe.

   iii. Donald Wiger and Cynthia Wiger, as owners of the Chrysler 300, are directly liable to The Trustee's damages by negligently entrusting the Chrysler 300 to John Robert Jones.

 16. The Chrysler 300 was titled in the names of Donald Wiger and Cynthia Wiger. The Chrysler 300 was purchased six months before the date of the loss. A true and correct copy of the Motor Vehicle Report for the Chrysler 300 is attached as Exhibit H.

## THE STATE FARM AUTOMOBILE POLICY

 17. At the time of the accident at issue, Donald Wiger was a named insured under State Farm Automobile Policy No. 4580128-D30-23. A true and correct copy of the Automobile Policy is attached as Exhibit I. Per the insuring agreement, the Automobile Policy only provides coverage pursuant to its provisions, exclusions, conditions, or limitations.

 18. The Automobile Policy provides liability coverage for an "insured." The policy defines "insured" as:

***Insured*** means:

 1. ***you*** and ***resident relatives*** for:

  a. the ownership, maintenance, or use of:

   (1) ***your car***;
   (2) a ***newly acquired car***; or
   (3) a ***trailer***; and

  b. the maintenance or use of:

   (1) a ***non-owned car***; or
   (2) a ***temporary substitute car***;

5

2. a *person* shown as a named insured on the Declarations Page and that named insured's spouse who resides with that named insured for the maintenance or use of a *car* that is *owned by*, or furnished by an employer to, a *person* who resides in that named insured's household, but only if such *car* is neither *owned by*, nor furnished by an employer to, that named insured or his or her spouse;

3. any other *person* for his or her use of:

   a. *your car*;
   b. a *newly acquired car*;
   c. a *temporary substitute car*; or
   d. a *trailer* while attached to a *car* described in a., b., or c. above.

   Such vehicle must be used with *your* consent; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is neither *owned by*, nor hired by, that other *person* or organization.

19. The Automobile Policy contains the following definitions, in relevant part:

*Newly Acquired Car* means a *car* newly *owned by you* or a *resident relative*. A *car* ceases to be a *newly acquired car* on the earlier of:

1. the effective date and time of a policy, including any binder, issued by *us* or any other company that describes the *car* as an insured vehicle; or

2. the end of the 14th calendar day immediately following the date the *car* is delivered to *you* or a *resident relative*.

\* \* \*

*Non-Owned Car* means a *car* that is in the lawful possession of *you* or any *resident relative* and that neither:

6

    1.    is *owned by*:

        a.    *you*;
        b.    any *resident relative*;
        c.    any other *person* who resides in *your* household; or
        d.    an employer of any *person* described in a., b., or c. above; nor

    2.    has been operated by, rented by, or in the possession of:

        a.    *you*; or
        b.    any *resident relative*

during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or *loss*.

*\* \* \**

*Resident Relative* means a *person*, other than *you* who is:

    1.    related to *you* by blood, marriage or adoption who resides with *you*;

*\* \* \**

*Temporary Substitute Car* means a *car* that is in the lawful possession of the *person* operating it and that:

1.    replaces *your car* for a short time while *your car* is out of use due to its:

    a.    breakdown;
    b.    repair;
    c.    servicing;
    d.    damage; or
    e.    theft; and

2.    neither *you* nor the *person* operating it own or have registered.

*\* \* \**

7

>*Your Car* means the vehicle shown under "YOUR CAR" on the Declarations page.

20. The Automobile Policy contains an insuring agreement, which provides in relevant part that State Farm will pay:

>a. damages an *insured* becomes legally liable to pay because of:
>
>>(1) *bodily injury* to others; and
>>(2) damage to property
>
>caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy;

21. The Chrysler 300 is not listed on the declarations page of the Automobile Policy. It does not meet the definition of a newly acquired car, a non-owned car, or a temporary substitute car. The Chrysler 300 was not separately insured at the time of the loss.

22. There is no coverage under the Automobile Policy for the claims asserted by The Trustee against Donald Wiger, Cynthia Wiger, or John Robert Jones in the Underlying Complaint.

## THE STATE FARM UMBRELLA POLICY

23. At the time of the accident at issue, Donald Wiger was a named insured under State Farm Personal Liability Umbrella Policy No. 23-BF-E019-0. A true and correct copy of the Umbrella Policy is attached as Exhibit J. Per the insuring agreement, the Umbrella Policy only provides coverage pursuant to its provisions, exclusions, conditions, or limitations.

24. The Umbrella Policy provides:

> If a claim is made or suit is brought against an **insured** for damages because of a **loss** for which the **insured** is legally liable and to which this policy applies, **we** will pay on behalf of the **insured**, the damages that exceed the **retained limit**.

25. The Umbrella Policy defines "insured" as:

    a. **you** and **your relatives** whose primary residence is **your** household;
    b. any other human being under the age of 21 whose primary residence is **your** household and who is in the care of a person described in 6.a.;
    c. any other person or organization to the extent they are liable for the use of an **automobile**, **recreational motor vehicle** or watercraft by a person included in 6.a. or 6.b.

26. The Umbrella Policy contains several exclusions.  Under Exclusion 8, there is no coverage under the policy for:

> **loss** arising out of:
>
> a. the entrustment to any person by any **insured**;
> b. the supervision of, or the failure to supervise, any person by any **insured**, with regard to the ownership, maintenance or use; or
> c. any liability imposed by an owner's liability statute or similar law on any **insured**, with regard to the ownership, maintenance or use;
>
> of any **automobile**, **recreational motor vehicle**, watercraft, aircraft or any other motorized vehicle, unless **required underlying insurance** applies to the **loss** and provides coverage that pays for the **loss** in the amount shown as Minimum Underlying Limits on the declarations page.

27. The Umbrella Policy defines "required underlying insurance" in relevant part:

9

> "**required underlying insurance**" means the following types of insurance policies when shown on the declarations page:
>
> > a. With respect to all **automobiles** or **recreational motor vehicles** which are owned by, leased to, rented to, or available for the regular and frequent use of any **insured**:
> >
> > > (1) "**Automobile Liability**" means a policy which provides coverage for the **insured** for that **insured's** liability arising out of the ownership, operation, maintenance or use of any **automobile**.

28. Donald Wiger is Cynthia Wiger's father. Neither Cynthia Wiger nor John Robert Jones resided with Donald Wiger at the time of the accident.

29. The Underlying Complaint alleges that Donald Wiger and Cynthia Wiger, "as owners of the white Chrysler 300 motor vehicle, are vicariously liable for plaintiff's damages caused by John Robert Jones' negligent operation of that vehicle." The Underlying Complaint also alleges that Donald Wiger and Cynthia Wiger "are directly liable for plaintiff's damages by negligently entrusting that motor vehicle to John Robert Jones because they knew or should have known that John did not have a valid driver's license at that time and was otherwise unfit to operate that vehicle," and that they "knew or should have known that John Robert Jones was unfit to operate that motor vehicle, but, deliberately disregarded a high probability that John Robert Jones was unfit to operate that motor vehicle."

30. The loss is not covered under Donald Wiger's Automobile Policy. As such, there is no "required underlying insurance" that applies to the loss within the meaning of the Umbrella Policy.

31. There is no coverage under the Umbrella Policy for The Trustee's claims against Donald Wiger, Cynthia Wiger, or John Robert Jones against the allegations asserted by The Trustee in the Underlying Complaint.

### COUNT I – DECLARATORY JUDGMENT
### Automobile Policy

32. State Farm repeats and incorporates by reference the allegations in its preceding paragraphs.

33. State Farm seeks a determination from this Court that State Farm has no duty to defend and no duty to indemnify Donald Wiger, Cynthia Wiger, or John Robert Jones against the allegations asserted by The Trustee in the Underlying Complaint.

34. The Automobile Policy does not afford coverage or protection for Donald Wiger, Cynthia Wiger, or John Robert Jones against the allegations asserted by The Trustee in the Underlying Complaint because the Chrysler 300 is not listed on the declarations page of the Automobile Policy, and because the Chrysler 300 does not meet the definitions of a newly acquired car, a non-owned car, or a temporary substitute car. Consequently, State Farm has no continuing duty to defend and no duty to indemnify Donald Wiger, Cynthia Wiger, or John Robert Jones under the Automobile Policy against the allegations asserted by The Trustee in the Underlying Complaint.

### COUNT II – DECLARATORY JUDGMENT
### Umbrella Policy

35. State Farm repeats and incorporates by reference the allegations in its preceding paragraphs.

36. State Farm seeks a determination from this Court that State Farm has no duty to defend and no duty to indemnify Donald Wiger, Cynthia Wiger, or John Robert Jones against the allegations asserted by The Trustee in the Underlying Complaint.

37. The Umbrella Policy does not afford coverage or protection for Donald Wiger, Cynthia Wiger, or John Robert Jones against the allegations asserted by The Trustee in the Underlying Complaint because John Robert Jones and Cynthia Wiger are not "insureds" under the policy and because Exclusion 8 (loss arising out of negligent entrustment, negligent supervision, or owner's liability) applies with respect to Donald Wiger. Consequently, State Farm has no continuing duty to defend and no duty to indemnify Donald Wiger, Cynthia Wiger, or John Robert Jones under the Umbrella Policy against the allegations asserted by The Trustee in the Underlying Complaint.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company request that this Court:

1. Determine and declare that State Farm has no continuing duty to defend and no duty to indemnify Donald Wiger, Cynthia Wiger, or John Robert Jones against the allegations asserted by The Trustee in the Underlying Complaint.

2. Grant State Farm its costs and disbursements incurred herein, as well as such other and further relief as the Court deems just and equitable.

Dated: November 3, 2022                By:   s/ Leatha G. Wolter
                                                                  Leatha G. Wolter (#175614)
                                                                  Jessica K. Dennis (#391089)
                                                                  MEAGHER & GEER, P.L.L.P.
                                                                  33 South Sixth Street, Suite 4400
                                                                  Minneapolis, MN  55402
                                                                  (612) 338-0661
                                                                  lwolter@meagher.com
                                                                  jdennis@meagher.com

15388317.1                             **Attorneys for Plaintiffs**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

State Farm Mutual Automobile Insurance
Company and State Farm Fire and
Casualty Company,

       Plaintiffs,

v.

Donald Wiger, Cynthia Wiger, John
Robert Jones, and Christopher Dunn as
Trustee for the Next-of-Kin of Bridget
O'Keefe Dunn, deceased,

       Defendants.

Case No.:

**EXHIBIT INDEX**

| | |
|---|---|
| **EXHIBIT A** | Underlying Complaint, "Christopher Dunn as Trustee for the Next-of-Kin of Bridget O'Keefe Dunn, deceased v. Donald Wiger, Cynthia Wiger, John Robert Jones," State of Minnesota, Hennepin County, Court File No. 27-CV-22-7087 |
| **EXHIBIT B** | Automobile Policy Reservation of Rights Letter to Donald Wiger, dated April 21, 2022 |
| **EXHIBIT C** | Automobile Policy Reservation of Rights Letter to Cynthia Wiger, dated June 3, 2022 |
| **EXHIBIT D** | Automobile Policy Reservation of Rights Letter to John Robert Jones, dated June 3, 2022 |
| **EXHIBIT E** | Umbrella Policy Reservation of Rights Letter to Donald Wiger, dated September 14, 2022 |
| **EXHIBIT F** | Umbrella Policy Reservation of Rights Letter to Cynthia Wiger, dated September 14, 2022 |
| **EXHIBIT G** | Umbrella Policy Reservation of Rights Letter to John Robert Jones, dated September 14, 2022 |
| **EXHIBIT H** | Motor Vehicle Report, Chrysler 300, VIN 2C3CCAGG1HH591805 |

| **EXHIBIT I** | State Farm Automobile Policy No. 4580128-D30-23 |
|---|---|
| **EXHIBIT J** | State Farm Personal Liability Umbrella Policy No. 23-BF-E019-0 |